UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tony Buchner,

           Petitioner,      Case No. 23-12185

v.      Judith E. Levy
      United States District Judge

Adam Douglas,

      Mag. Judge Kimberly G. Altman

           Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY HABEAS PROCEEDINGS [8]

Before the Court is Petitioner Tony Buchner's motion to "file protective petition to stay and abey habeas corpus proceedings." (ECF No. 8.) Petitioner is currently confined at the Saginaw Correctional Facility in Freeland, Michigan, and filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner was convicted of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c, following a jury trial in Eaton County Circuit Court. (*Id.* at PageID.1–2.) He was sentenced to

concurrent terms of 50 to 90 years in prison on the first-degree counts and concurrent terms of 10 to 15 years in prison on the second-degree counts in 2019. *People v. Buchner*, No. 351701, 2021 WL 5974162, at *1 (Mich. Ct. App. Dec. 16, 2021). In his petition, he raises claims concerning the admission of alleged hearsay, the admission of expert testimony, and the effectiveness of trial counsel. (ECF No. 1, PageID.3–6.)

Petitioner files a motion to stay the proceedings and hold his habeas petition in abeyance so that he may return to the state courts and exhaust additional claims concerning the effectiveness of trial and appellate counsel. (ECF No. 8, PageID.176–177.) For the reasons stated, the Court denies Petitioner's motion.

## I. Procedural Background

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims, including those presented on habeas review. The court denied relief and affirmed his convictions. *People v. Buchner*, No. 351701, 2021 WL 5974162, at *1 (Mich. Ct. App. Dec. 16, 2021). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which

2

was denied in a standard order. *People v. Buchner*, 981 N.W.2d 733 (Mich. 2022).

Petitioner dated his federal habeas petition on August 22, 2023. (ECF No. 1.)

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*, 228 F.3d at 681). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must

3

properly present each habeas issue in both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern; when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted

4

claims are not "plainly meritless." *Id.* at 277.

Petitioner has not demonstrated his need for a stay. His current habeas claims are exhausted, and he fails to show that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on December 7, 2022, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later, on March 7, 2023. Petitioner dated his federal habeas petition on August 22, 2023. Consequently, 168 days of the one-year period had run when he instituted this action.

While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that a federal habeas petition is not an "application for

5

State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088–89 (E.D. Mich. 2004). The limitations period will also be tolled while any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002). Given that over six months of the one-year period remains, Petitioner has ample time to exhaust additional issues in the state courts and return to federal court should he wish to do so. *See Johnson*, 344 F. Supp. 2d at 1089. A stay is unnecessary.

Additionally, although Petitioner's unexhausted claims concern matters of federal law and may not be "plainly meritless," he does not explain why he did not raise them on state collateral review before instituting this action or while his habeas case has been pending in federal court for more than six months. He has not established cause for his failure to raise the additional claims in the state courts before proceeding on federal habeas review, or to otherwise show that he has not engaged in intentional delay. Given such circumstances, a stay is

6

unwarranted.

## III. Conclusion

Accordingly, the Court DENIES Petitioner's motion. Should Petitioner wish to have the Court dismiss the present habeas petition so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of this case within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

Dated: February 26, 2024       s/Judith E. Levy  
    Ann Arbor, Michigan      JUDITH E. LEVY  
                                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2024.

                                             s/William Barkholz  
                                             WILLIAM BARKHOLZ  
                                             Case Manager