UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tony Buchner,

           Petitioner,    Case No. 23-12185

v.                            Judith E. Levy
                              United States District Judge
Adam Douglas,
                              Mag. Judge Kimberly G. Altman
           Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION TO ADMINISTRATIVELY CLOSE THE CASE, STRIKE HIS MOTION TO STAY, AND ABEY THE HABEAS PROCEEDINGS [12]**

Before the Court is pro se Petitioner Tony Buchner's motion to administratively close the case to allow him to return to the state courts and exhaust available remedies on additional ineffective assistance of trial and appellate counsel claims, and to strike his prior motion to stay and abey the habeas proceedings. (ECF No. 12.) This is a habeas case brought pursuant to 18 U.S.C. § 2254. In his current habeas petition, Petitioner raises claims concerning the admission of alleged hearsay, the admission of expert testimony, and the effectiveness of trial counsel.

(ECF No. 1.)

First, Petitioner asks the Court to "strike the Stay and Abeyance motion." (ECF No. 12, PageID.1756.) The Court will not strike that motion because it has already been denied. (ECF No. 9.) The motion to stay and abey the habeas proceedings was denied because the one-year statute of limitations does not pose a problem for him should he choose to return to the state courts to exhaust additional ineffective assistance of counsel claims and because he failed to establish good cause for not exhausting such claims before seeking federal habeas review. (*Id.*) The Court finds no reason to reconsider that decision.

While Petitioner now requests an administrative closure of the case instead of a stay and abeyance, he seeks a closure for essentially the same reasons set forth in his prior motion. To institute an administrative closure, however, the Court would still have to stay the habeas proceedings and hold his current habeas petition in abeyance. The administrative closure procedure is not a separate avenue for allowing a prisoner to return to the state courts to exhaust remedies, but rather is a record-keeping measure for the Court to manage its docket. *See, e.g.*,

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (explaining the purpose of administrative closures as a "case-management tool" (quoting *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006))).

Accordingly, the Court DENIES Petitioner's motion for administrative closure for the reasons set forth in its prior stay and abeyance denial order and DENIES his related request to strike as moot. Should Petitioner wish to have the Court dismiss the present habeas petition so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of this case within **30 DAYS** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

IT IS SO ORDERED.

Dated: March 28, 2024      s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                             United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
